862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John FOY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3143.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1988.
 
 Before RICH, EDWARD S. SMITH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 This appeal is from the decision of the Merit Systems Protection Board, No. BN07528710126, upholding the termination of John Foy from his position as a Mail Handler in the United States Postal Service at Newtonville, Massachusetts. The agency removed Mr. Foy based on charges of verbally threatening to kill Supervisor John Russell and physically assaulting Supervisors Russell and Moschella. We affirm.
 
 OPINION
 
 2
 Mr. Foy attempts to characterize the violence that occurred in the Post Office as a mere shouting match. Contrary to that view, the administrative judge found that Mr. Foy did not merely use "vulgar language," as he testified, but vulgar language which included an explicit threat to kill, as Mr. Russell testified. We do not find a sufficient basis here for overturning the administrative judge's credibility decision. Further, Mr. Russell's testimony that he felt threatened with bodily harm by Mr. Foy (who admitted he was angry, agitated and loud) is consistent with Mr. Russell's acts of seeking assistance from another supervisor, calling for the security police, and, immediately thereafter, reporting the matter to the Boston police. These unchallenged facts are sufficient to support the finding that Mr. Foy's threat instilled fear in him and was taken seriously. The facts in Metz v. Department of the Treasury, 780 F.2d 1001 (Fed.Cir.1986) (the threats were not taken seriously) are clearly distinguishable. Substantial evidence also supports the charge that Foy physically assaulted both supervisors. Finally, Mr. Foy points to no mitigating circumstances which would merit changing the penalty of removal. Given the short time of Mr. Foy's employment--just over a year--and the fact that he had received three letters of warning and a seven-day suspension within that short period, the penalty of removal was not unreasonable.
 
 
 3
 Having considered the above and all other arguments of petitioner, we are unpersuaded that the decision of the board may be reversed or modified by this court under the narrow standard of review of 5 U.S.C. Sec. 7703(c) (1982). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).